AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.
MICHAEL EUGENE TAYLOR

Defendant(s)

Case No. 8:16 MJ 1674 TBM

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 17, 2016 in the county of Manatee in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession of Fentanyl, a Schedule II controlled substance, with intent to distribute. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Adam Phelps, Task Force Agent, DEA

*Printed name and title*

Sworn to before me and signed in my presence.

Date: ____________

*Judge's signature*

City and state: Tampa, Florida

Elizabeth A. Jenkins ~~Thomas B. McCoun III~~, U.S. MagistrateJudge

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Adam W. Phelps, being duly sworn, state as follows:

### Introduction and Agent Background

1. I am a sworn Deputy Sheriff with the Pinellas County Sheriff's Office ("PCSO"), Pinellas County, Florida, and currently assigned as a Task Force Officer with the Drug Enforcement Administration ("DEA") in Tampa, Florida. I have been certified as a law enforcement officer since June of 2008. I was previously employed by Gulfport Police Department from 2008 to 2013. For three of those years, I was assigned as a detective in the PCSO Narcotics Task Force. I have been employed by the PCSO since 2013. Since December 2013, I have been assigned to the PCSO Narcotics Division as a Detective. In August of 2015, I was assigned to the DEA Tampa District Office as a Task Force Officer.

2. I have completed the Basic Law Enforcement Academy at St. Petersburg College. I have also successfully completed an 80-hour Drug Training for Investigators course including instruction pertaining to the recognition and detection of narcotics sponsored by the Multi-Jurisdictional Counter Drug Task Force and presented at the St. Petersburg College. I have also completed an 80-hour Basic DEA School course sponsored by the DEA. I have successfully completed a 24-hour Drug Law Enforcement Training Program coordinated by Homeland Security and Federal Law Enforcement Training Center. I have also completed a 16-hour Wiretap and Conspiracy Investigations course by the Central Florida High Intensity Drug Trafficking Area (HIDTA). I have conducted investigations of state and federal narcotics law violations, which have resulted in the arrest and successful prosecution of individuals for violations

of Florida State Statute 893 and 777, and federal law, Title 18, United States Code, and Title 21, United States Code.

3. I have been involved in Organized Crime Drug Enforcement Task Force drug conspiracy and distribution investigations. I have assisted in the investigation of complex cases involving drug conspiracy investigations. I have previously participated in state wire investigations that intercepted drug trafficking organizations. In those investigations, my duties included surveillance, analyzing and interpreting intercepted communications, and preparing and executing arrest and search warrants.

4. Based on my training and experience, I am familiar with the manner and means by which narcotics traffickers conduct their business, including: methods of importing and distributing narcotics; money laundering; the use of residential telephones, business telephones, cellular telephones, and other communication devices to facilitate illegal acts; and the use of numerical codes, code words, and slang terminologies to develop, promote, and conduct drug transactions.

5. I can attest that individuals involved in the illicit possession, distribution, manufacture, transportation, and trafficking of controlled substances, as well as the laundering of drug proceeds, often use telephones to discuss and facilitate their illegal activities. In order to conceal their identities and avoid detection from law enforcement, narcotics traffickers often enlist the aid of friends, relatives, and acquaintances to distribute or store controlled substances or launder drug proceeds. Narcotics traffickers often use the names of these individuals or fictitious names to subscribe to telephone services, purchase property, and rent or register vehicles.

6. I am familiar with the operation of illegal drug trafficking organizations in Florida.

## Statutory Authority

7. I submit this affidavit in support of a criminal complaint charging **Michael Eugene TAYLOR** with the following federal offense: possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

8. I submit only those facts I believe are relevant to determine probable cause. This affidavit is not a complete statement of all the facts of the investigation. I learned the following facts through consultation with other law enforcement officers, reviewing reports, my personal investigative efforts, as well as my experience and background. The source of information and the grounds for this belief are as follows.

## Investigation

9. Throughout 2016, the DEA and Manatee County Sheriff's Office (MCSO) received information regarding **TAYLOR** and his drug trafficking activities. On October 14, 2016, United States Magistrate Judge Thomas G. Wilson signed a warrant authorizing law enforcement to search the residence of 5416 23rd Street Court West, Bradenton, Florida. This residence is under the control of **TAYLOR**.

10. On October 17, 2016, law enforcement executed the federal search warrant at 5416 23rd Street Court West, Bradenton, Florida. Prior to the execution of the warrant, an MCSO detective observed **TAYLOR** enter a black GMC truck and depart the residence. **TAYLOR** was followed to a nearby bank, located in the Middle District of Florida. **TAYLOR** was inside the bank when MCSO detectives approached

him. Detectives identified themselves as MCSO detectives and requested that he exit the bank so detectives could speak with him. **TAYLOR** agreed and exited the bank. Detectives then transported **TAYLOR** back to his residence at 5416 23rd Street Court West, Bradenton, Florida.

11. Around this time, law enforcement executed the search warrant at 5416 23rd Street Court West, Bradenton Florida. The residence is a duplex with two bedrooms and one bathroom.

12. During a search of the residence, agents located narcotics, a firearm, and United States currency. Inside the first bedroom closet, agents located a large SentrySafe. The safe was forced opened and inside agents located a green Crown Royal bag that contained approximately 58.1 grams of a tan powdery substance within two plastic bags. The tan substance was later field tested by Detective Jospeh Petta. The substance tested positive for the presence of fentanyl. Approximately $2,700 in United States currency was also located in the safe along with multiple documents bearing the name Michael **TAYLOR**. A plastic bag containing a brown powdery substance was located in a black Polo shoe that was found on the closet shelf. The bag weighed approximately 4.3 grams. The substance was later field tested by Detective Petta and found to contain fentanyl, a Schedule II controlled substance.

13. In the second bedroom agents located a Taurus handgun. The handgun was discovered lying on a bed in the room concealed underneath a pillow. The handgun was discovered with the magazine inserted and one round in the chamber. Two additional rounds were located inside the magazine. Moreover, agents located a

box of .380 ammunition containing thirty-six rounds on the top shelf of the second bedroom closet.

14. In the upper kitchen cabinet agents located a digital scale along with two boxes of Arm and Hammer baking soda, a bottle labeled Inositol Powder, and a sifter. Based on my training and experience, I know these items are used commonly used as cutting agents in narcotics trafficking. Cutting agents are additive materials used by drug traffickers to enhance a quantity of drugs. Also, on the kitchen floor agents located a Marshall's shopping bag containing kitchen pots that contained white residue, protective gloves, and Antivirus Facemasks.

15. SA Brandon Cain read **TAYLOR** his *Miranda* rights. **TAYLOR** initially denied knowledge of any illegal narcotics or weapons inside the residence. Later, **TAYLOR** spoke with the DEA agents. **TAYLOR** confirmed that the brown substance located in the safe was his, and it weighed two ounces (56 grams).

## Conclusion

16. For the reasons set forth above, I believe that probable cause exists to believe that **TAYLOR** committed offense of possession of a mixture and substance containing a detectable amount of fentanyl with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

FURTHER AFFIANT ASAYETH NAUGHT.

ADAM W. PHELPS, Task Force Officer
Drug Enforcement Administration

Subscribed and sworn before me
this 18th day of October, 2016.

~~Thomas B. McCoun~~ Elizabeth A. Jenkins
United States Magistrate Judge

T:_Cases\Criminal Cases\T\TAYLOR, Michael_2016R02134_SSH\x_Complaint Affidavit_TAYLOR.docx